******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

THE BANK OF NEW YORK MELLON, TRUSTEE
*v.* WILLIAM J. RUTTKAMP ET AL.
(AC 40039)

Lavine, Alvord and Moll, Js.

*Syllabus*

The plaintiff bank, as trustee, sought to foreclose on a mortgage on certain
real property of the defendants W and S. Prior to trial, W was defaulted
for failure to plead and the defendant H Co. was defaulted for failure
to disclose a defense. After the plaintiff filed a motion for summary
judgment directed to S as to liability only, S filed an answer and special
defenses, alleging that the plaintiff lacked standing because it did not
exist under its stated name, as well as a one count counterclaim alleging
a violation of the Connecticut Unfair Trade Practices Act (CUTPA) (§ 42-
110a et seq.), due to the plaintiff's refusal to release a notice of lis
pendens on the subject property following the court's earlier dismissal
of the action. Thereafter, the plaintiff filed a motion for summary judg-
ment as to S's counterclaim, which the trial court granted. Subsequently,
the court granted the plaintiff's motion for summary judgment directed
to S as to liability only. Thereafter, the court granted the plaintiff's
motion for a judgment of strict foreclosure and rendered judgment
thereon, from which S appealed to this court. *Held* that S could not
prevail on her claim that the trial court lacked subject matter jurisdiction
due to the plaintiff's lack of standing, which was based on her claim
that the plaintiff brought this action under its corporate brand name
and, thus, did not have the legal capacity to sue: given that S's counsel
acknowledged, at oral argument before this court, that he could not
refute certain evidence presented by the plaintiff demonstrating that it
was a New York corporation under its stated name, S effectively aban-
doned her claim concerning the plaintiff's alleged lack of standing, and
the record showed that the plaintiff is a legal entity with legal capacity
to sue; moreover, S's claim that the trial court improperly rendered
summary judgment in favor of the plaintiff on S's counterclaim was not
reviewable, S having failed to brief the claim adequately.

Argued December 11, 2018—officially released March 12, 2019

*Procedural History*

Action to foreclose a mortgage on certain real prop-
erty owned by the named defendant et al., and for other
relief, brought to the Superior Court in the judicial dis-
trict of Middlesex, where the named defendant was
defaulted for failure to plead; thereafter, the defendant
HOP Energy, LLC, was defaulted for failure to disclose a
defense; subsequently, the court, *Morgan, J.*, dismissed
the action for lack of subject matter jurisdiction; there-
after, the court granted the plaintiff's motion to open
the judgment; subsequently, the defendant Shlomit Rutt-
kamp filed a counterclaim; thereafter, the court,
*Domnarski, J.*, granted the plaintiff's motion for sum-
mary judgment as to the defendant Shlomit Ruttkamp's
counterclaim; subsequently, the court, *Aurigemma, J.*,
granted the plaintiff's motion for summary judgment as
to liability; thereafter, the court, *Aurigemma, J.*,
granted the plaintiff's motion for a judgment of strict
foreclosure and rendered judgment thereon, from
which the defendant Shlomit Ruttkamp appealed to this
court. *Affirmed.*

*John R. Williams*, for the appellant (defendant

Shlomit Ruttkamp).

*Benjamin T. Staskiewicz*, for the appellee (plaintiff).

*Opinion*

MOLL, J. The defendant, Shlomit Ruttkamp,[1] appeals from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff and counterclaim defendant, The Bank of New York Mellon formerly known as The Bank of New York, as Trustee on Behalf of CIT Mortgage Loan Trust 2007-1. On appeal, the defendant claims that the trial court (1) lacked subject matter jurisdiction because of the plaintiff's alleged lack of standing and (2) improperly rendered summary judgment in favor of the plaintiff on the defendant's counterclaim, which alleged that the plaintiff wrongfully failed to release the notice of lis pendens it had recorded on the land records of the subject property. We affirm the judgment of strict foreclosure.

The following facts and procedural history are relevant to this appeal. On December 14, 2006, William J. Ruttkamp executed a promissory note, pursuant to which he promised to pay to the order of Accredited Home Lenders, Inc. (Accredited), the principal sum of $333,000. The note was secured by a mortgage, executed by William J. Ruttkamp and the defendant, on real property located at 510 McVeagh Road in Westbrook, in favor of Mortgage Electronic Registration, Inc., as nominee for Accredited. The note and mortgage were ultimately assigned to the plaintiff by virtue of an assignment dated December 30, 2009, and recorded on January 12, 2010. Beginning on August 1, 2009, and every month thereafter, William J. Ruttkamp failed to make monthly payments due pursuant to the note. As a result, the plaintiff commenced this foreclosure action in February, 2010. The initial complaint alleged that the plaintiff was a Delaware corporation. On April 26, 2010, the defendant filed a motion to dismiss for lack of subject matter jurisdiction, claiming that the plaintiff brought the action in its trade name only. On November 8, 2010, the court denied the motion to dismiss, reasoning that there was no evidence before it that the plaintiff's name was a trade name.

On May 6, 2011, the plaintiff filed a motion for summary judgment directed to the defendant as to liability only. In its memorandum of law in support thereof, the plaintiff stated: "The Bank of New York Mellon is the corporate brand of The Bank of New York Mellon Corporation and may also be used as a generic term to reference the corporation as a whole or its various subsidiaries." On October 26, 2011, the defendant filed an answer and special defenses, as well as an objection and memorandum of law in opposition to the plaintiff's motion for summary judgment. In both filings, the defendant claimed that the plaintiff lacked standing because, although the plaintiff alleged in its complaint that "it is a corporation duly authorized and validly existing under the laws of the State of Delaware," the Delaware Division of Corporations had no record of

registration for any entity known as "The Bank of New York Mellon," while having a record of registration for an entity known as "The Bank of New York Mellon Corporation." On February 27, 2012, the court denied the plaintiff's motion for summary judgment and concluded that, because the plaintiff brought this action under its corporate brand name and a brand name has no legal capacity to sue, the plaintiff had no standing. Thus, the court concluded that it lacked subject matter jurisdiction and dismissed the action.

On June 26, 2012, the plaintiff filed a motion to open the judgment of dismissal, stating that it had mistakenly represented in its memorandum of law in support of its motion for summary judgment that "The Bank of New York Mellon is . . . the corporate brand of The Bank of New York Mellon Corporation . . . ." The plaintiff claimed, rather, that it was a corporation organized by a special act of the New York state legislature and had been renamed "The Bank of New York Mellon." On July 30, 2012, over the defendant's objection, the court granted the plaintiff's motion to open the judgment of dismissal.

On September 26, 2012, the plaintiff filed a request for leave to file an amended complaint, in which it averred that it is a "corporation organized by special act of the New York state legislature . . . now known as The Bank of New York Mellon . . . ." On October 23, 2012, the court overruled the defendant's objection to the plaintiff's request for leave to amend. Meanwhile, on October 5, 2012, the defendant filed a motion to dismiss for lack of subject matter jurisdiction, contending that the plaintiff brought the action in its trade name and that there is no New York corporation named "The Bank of New York Mellon." On October 31, 2012, the court denied the defendant's motion to dismiss.

On August 22, 2014, the plaintiff filed a request for leave to file a second amended complaint, in which it averred that the plaintiff is "a corporation duly authorized and validly existing under the laws of the State of New York." On September 29, 2014, the court overruled the defendant's objection thereto. On October 14, 2014, the defendant filed another motion to dismiss, again claiming that there is no New York corporation named "The Bank of New York Mellon" and that, therefore, the action should be dismissed on the basis of the plaintiff's lack of standing. On November 19, 2014, the plaintiff filed an objection to the defendant's motion to dismiss and attached a certification from the New York Banking Department certifying that the plaintiff is a corporation organized and operating under New York law. On December 1, 2014, the court denied the defendant's motion to dismiss.

On January 7, 2015, the plaintiff filed a motion for summary judgment directed to the defendant as to liability only.[2] On January 21, 2015, the defendant filed

an answer and special defenses, in which the defendant, inter alia, persisted in her claim that the plaintiff does not exist under its stated name and, therefore, lacks standing. In addition, on January 26, 2015, the defendant filed a one count counterclaim, alleging a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., on the basis of the plaintiff's alleged refusal to file a release of the notice of lis pendens[3] on the subject property following the court's dismissal of the action on February 27, 2012.[4] On March 27, 2015, the plaintiff filed a motion for summary judgment as to the defendant's counterclaim, arguing that the lis pendens remained valid because the February 27, 2012 judgment of dismissal was vacated and, therefore, the plaintiff had no duty to release the lis pendens. On April 21, 2015, the court granted the plaintiff's motion for summary judgment as to the defendant's counterclaim. The court reasoned that "[t]here is no genuine issue of fact raised in the counterclaim. . . . The lis pendens remained in effect after [the] dismissal since it was possible to open the dismissal within four months of its entry. In fact, the dismissal was set aside. For this reason there was no final decree. See *Lee* v. *Duncan*, 88 Conn. App. 319, [870 A.2d 1, cert. denied, 274 Conn. 902, 876 A.2d 12] (2005)."

On September 23, 2015, the defendant filed a memorandum of law in opposition to the plaintiff's January 7, 2015 motion for summary judgment. The defendant claimed that because the plaintiff did not offer any evidence to refute the defendant's special defenses, which included her challenge to the plaintiff's standing, the plaintiff's motion for summary judgment should be denied. On May 2, 2016, the court ultimately granted the plaintiff's motion for summary judgment directed to the defendant as to liability only. On December 23, 2016, the plaintiff moved for a judgment of strict foreclosure, which the court granted on January 9, 2017. This appeal followed.

The defendant first claims that the trial court lacked subject matter jurisdiction on the basis of the plaintiff's lack of standing. Specifically, the defendant claims that the plaintiff brought this action under its corporate brand name and, therefore, did not have the legal capacity to sue. The plaintiff, however, directs this court's attention to a certification from the New York Banking Department that the Bank of New York Mellon is a corporation organized under the laws of New York.[5] During oral argument before this court, the defendant's counsel acknowledged that he could not refute the plaintiff's evidence that it was a New York corporation under its stated name. Accordingly, the defendant effectively abandoned her claim that the court lacked subject matter jurisdiction on the basis of the plaintiff's purported lack of standing, and, after our review of the record, we conclude that the plaintiff is a legal entity with legal capacity to sue.

The defendant next claims that the court improperly rendered summary judgment in favor of the plaintiff on the defendant's counterclaim. Specifically, the defendant claims that the court's rendering of summary judgment was incorrect, as a matter of law, because the court's February 27, 2012 dismissal for lack of subject matter jurisdiction was a final judgment from which no appeal was taken and, as a result, the plaintiff should have released the lis pendens. We decline to review this claim. The defendant's argument in support of this claim, in her brief before this court, comprises only three sentences. The defendant argues conclusorily that the court's ruling was incorrect and that a lis pendens must be released, as a matter of law, solely by virtue of the fact that an action has reached final judgment and no appeal has been taken. The defendant does not address the statutory provisions governing notices of lis pendens or their discharges. See General Statutes §§ 49-8 and 52-325 through 52-326. The defendant also does not cite any authority to support her implicit proposition that a duty to release a lis pendens exists independent of our General Statutes. In short, the defendant's claim is inadequately briefed, and, thus, we decline to review it. See *Pryor* v. *Pryor,* 162 Conn. App. 451, 458, 133 A.3d 463 (2016).

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] William J. Ruttkamp and HOP Energy, LLC, d/b/a Valley Oil, were also named as defendants, but they were defaulted, for failure to plead and failure to disclose a defense, respectively, and are not participating in this appeal. Accordingly, in this opinion we refer to Shlomit Ruttkamp as the defendant unless otherwise noted.

[2] The plaintiff also directed its motion to William J. Ruttkamp as to liability only; on February 8, 2016, the court granted the motion as to William J. Ruttkamp.

[3] The plaintiff alleged that, on or about February 24, 2010, the plaintiff recorded a notice of lis pendens in Volume 300 at Page 1011 of the Westbrook Land Records with respect to the subject property.

[4] The counterclaim does not cite any statutory authority other than CUTPA.

[5] Notably, such certification is the same document attached to the plaintiff's objection to the defendant's October 14, 2014 motion to dismiss.